**WO**                                                              KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce Lee Scott,                       ) | No. CIV 04-376-PHX-MHM (VAM) |
|                                  Petitioner,   ) | **ORDER** |
| vs.                                         ) | |
| Deputy Warden Ryder, et al.,    ) | |
|                                  Respondents. ) | |

On February 23, 2004, Petitioner Bruce Lee Scott, presently confined in the Arizona State Prison Complex-Yuma, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Court dismissed the Petition on April 29, 2004 because the Petition contained both exhausted and unexhausted claims (Doc. #3). On May 10, 2004, Petitioner filed an Amended Petition and a Motion to Stay proceedings in this Court while Petitioner exhausted all of his claims in state court. The Court granted the Motion to Stay on August 2, 2004 (Doc. #6). On July 29, 2005, Petitioner filed a status report which indicated that the Arizona Supreme Court denied Petitioner's Petition for Review to that court. On September 8, 2005, the Court lifted the stay in this case and directed Petitioner to file a second amended petition. Petitioner filed a Second Amended Petition on December 9, 2005 (Doc. #20). Petitioner's Second Amended Petition was

**TERMPSREF**

1 dismissed, with leave to amend, on April 4, 2006 (Doc. #22) because Petitioner had failed 2 to name his custodian as Respondent. On April 21, 2006, Petitioner filed a Third Amended 3 Petition (Doc. #23).

4 **Third Amended Petition**

5 Deputy Warden Ryder is named as a Respondent in the Petition and the Arizona 6 Attorney General is named as an additional Respondent. Petitioner challenges his May 17, 7 2000 judgment of conviction in Maricopa County Superior Court, case number CR 1998- 8 016764, for second degree murder.

9 Petitioner alleges four grounds for relief in support of the Third Amended Petition: 10 1) Petitioner's Fourteenth Amendment due process rights were violated when the trial court 11 refused to admit polygraph evidence: 2) Petitioner's Fourteenth Amendment due process 12 rights were violated when the trial court erred by admitting bad acts evidence; 3) death 13 qualifying jurors in a judge sentencing state violated Petitioner's Sixth, Fifth, and Fourteenth 14 Amendment due process rights and deprived Petitioner of a fair trial; and 4) the trial court 15 erred in dismissing Petitioner's state post-conviction petition, in violation of the Fifth, Sixth, 16 and Fourteenth Amendments. Petitioner alleges that he has presented each of these issues 17 to the Arizona Supreme Court.

18 A review of the Third Amended Petition indicates an answer is required. 28 U.S.C. 19 § 2254.

20 **IT IS THEREFORE ORDERED** as follows:

21 (1) A copy of the Third Amended Petition (Doc. #23) and this Order shall be served 22 by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona 23 by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

24 (2) Respondent shall answer the Third Amended Petition within forty (40) days of the 25 date of service. Respondent shall not file a dispositive motion in place of an answer, but may 26 file an answer limited to relevant affirmative defenses, including but not limited to, statute 27 of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative 28 defenses, only those portions of the record relevant to those defenses need be attached to the

answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, No. 04-1324, 2006 WL 1071410 (U.S. Apr. 25, 2006). If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within thirty (30) days from the date of service of the answer.

(4) Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondent or the counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court.

(5) At all times during the pendency of this action, Petitioner shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(6) Aside from the two copies of the petition or amended petition that must be submitted, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Petitioner.

//
//
//

(7) This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and recommendation.

DATED this 18th day of May, 2006.

Mary H. Murguia
United States District Judge