| | |
|---|---|
| | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce Lee Scott, ) | No. CIV 04-0376-PHX-MHM (VAM) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Deputy Warden Ryder, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Bruce Lee Scott ("Petitioner") has filed a pro se Third Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (Dkt.#23). The matter was referred to Magistrate Judge Virginia A. Mathis who has issued a Report and Recommendation that recommends that the Petition be denied. (Dkt.#9). Petitioner has not filed any objection to the Report and Recommendation.

**I.    Standard of Review**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## II.   Discussion

The Court has considered the pleadings and documents of record in this case and finds itself in agreement with the Magistrate Judge that the Petition be denied and dismissed with prejudice. On April 13, 2000, Petitioner was convicted of the lesser-included offense of second degree murder in Maricopa County Superior Court. (Dkt.#30, Exhibit A). Petitioner was sentenced to 18 years in prison as a result. (Id). Petitioner raises four grounds of relief for habeas corpus review.

### A.   Ground One

In Ground One, Petitioner contends that his due process rights under the Fifth and Fourteenth Amendments were violated when the trial court refused to admit the results of a polygraph test administered to a prosecution witness, Ramon Alva. The Court agrees with the Magistrate Judge's deferment to the Arizona Court of Appeals ruling on this issue, noting that "as a matter of law polygraph evidence is not reliable" and "is inadmissible [under Arizona law] absent stipulation of the parties." (Dkt.#23, Exhibit A, p.4) (citing State v. Rodriguez, 186 Ariz. 240, 250, 921 P.2d 643, 653 (1996)). In addition, this type of interpretation is not inconsistent with the Supreme Court's ruling in United States v. Scheffer, 523 U.S. 303, 317 (1998) (stating that "*per se* rule excluding all polygraph evidence [does not violate U.S. Constitution]."). As such, Ground One is denied.

### B.   Ground Two

In Ground Two, Petitioner alleges that the trial court erred in "admitting" several examples of "bad act" evidence, violating his Fifth and Fourteenth right to due process of law. (Dkt.#23, p.6). As noted by the Magistrate Judge, Petitioner is raising issue with the trial court's application of Rule 404(b) of the Arizona Rules of Evidence. "A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or be depriving the defendant of the fundamentally fair trial guaranteed by due process." Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995). Thus, Petitioner cannot

prevail on his contention that Rule 404(b) testimony violated his constitutional right to due process of law and denied a fair trial in violation of the Fifth and Fourteenth Amendment unless he shows the state court's decision "was arbitrary or so prejudicial that it rendered the trial fundamentally unfair." Id.  Upon reviewing the trial testimony at issue, the Court agrees with the Magistrate Judge, that admission of such testimony did not render Petitioner's trial fundamentally unfair.  Accordingly, this claim fails.

### C.   Ground Three

In Ground Three, Petitioner contends that "[d]eath qualifying jurors in a judge sentencing state violate[s] due process and deprived [him] of a fair trial" in violation of his Fifth, Sixth and Fourteenth Amendment rights.  (Dkt.#23, p.7).  Specifically, Petitioner contends that since the jury determined only his guilt or innocence "questioning [them] regarding the[ir] views on the death penalty" was not appropriate and was "unnecessary." (Id.).  However, as noted by the Magistrate Judge, this argument has been rejected by the Supreme Court in Lockhart v. McCree, 476 U.S. 162, 173 (1986), stating that "the Constitution does not prohibit the States from 'death qualifying' jurors in capital cases."  As such, the Court find that this claim is without merit.

### D.   Ground Four

In Ground Four, Petitioner asserts that his sentence violates his constitutional rights because the Arizona sentencing laws permitted the judge to impose sentence based upon aggravating factors determined by the judge instead of the jury.  Petitioner contends that this is a violation of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002).  As noted by the Magistrate Judge, the trial court in Petitioner's Rule 32, Ariz.R.Crim.P., proceedings noted that "[t]rial counsel raised the issue for Jury determination of aggravating factors, the motion was denied, as was not appealed. (Dkt.#30,Exhibit G, p.1).  As such, the trial court held that the claim was barred from consideration pursuant to Ariz.R.Crim.P. 32.2(a)(3), which provides in pertinent part:

**a.     Preclusion**. A defendant shall be precluded from relief under this rule based upon any ground:

    (3)     That has been waived at trial, on appeal, or in any previous collateral proceedings.

The Ninth Circuit Court of Appeals in <u>Cassett v. Stewart</u>, 406 F.3d 614, 622 (9th Cir. 2005), in analyzing Arizona's "waiver" bar to Rule 32.2(a)(3) Ariz.R.Crim.P, made clear that "[u]nder Arizona law, a claim that is of 'sufficient constitutional magnitude' can only be waived 'knowingly, voluntarily and intelligently.'" In this case, the trial court expressly held Petitioner's <u>Apprendi</u> claim to be precluded under Rule 32.2(a)(3). As such, the trial court eliminated any confusion as to the waiver of this issue. Under such circumstances, Petitioner's claim is procedurally defaulted.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation in its entirety as the Order of the Court. (Dkt.#31).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied and dismissed with prejudice. (Dkt.#23).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 12th day of February, 2007.

_____
Mary H. Murguia
United States District Judge

- 4 -